IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JAY BRUNA, | ) | 4:12CV3170 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| DIANE SABATKA-RINE, Warden, | ) | |
| ROBERT HOUSTON, Director, and | ) | |
| NEBRASKA DEPARTMENT OF | ) | |
| CORRECTIONAL SERVICES, | ) | |
| | ) | |
| Respondents. | ) | |

The court has conducted an initial review of the Petition for Writ of Habeas Corpus (filing no. 1) to determine whether the claims made by Petitioner are, when liberally construed, potentially cognizable in federal court. Petitioner has made nine claims.

Condensed and summarized for clarity, the claims asserted by Petitioner are:

Claim One:   Petitioner was denied due process of law in violation of the Fourteenth Amendment *because* the trial judge refused to recuse himself despite religious and personal biases resulting from the judge's own sexual abuse as a child.

Claim Two:   Petitioner was denied a fair trial and due process of law in violation of the Sixth and Fourteenth Amendments *because* the trial judge (1) permitted the State's expert "to testify as to the veracity of the alleged victim;" (2) improperly limited voir dire of the potential jurors to 30 minutes and prohibited

        counsel from inquiring regarding potential media coverage bias; (3) abused its discretion by "overruling [m]otions for continuance;" (4) failed to inform the jury of the conflict of interest created by a witness's dual role as the State's expert witness and the alleged victim's treating psychologist and failed to vet that witness; (5) abused its discretion by permitting witness testimony "vouching for the credibility of the alleged victim;" (6) overruled Petitioner's motion for directed verdict at the close of the State's case and at the close of the first and second trials; (7) denied Petitioner's motion for appointment of a special prosecutor when the alleged victim's mother previously worked for the trial judge and other members of the Sarpy County Court System as a court reporter; (8) denied the Petitioner's motion for change of venue; and (9) failed to fulfill its own order to record all bench conferences and additional proceedings and preserve the properly requested record for meaningful review.

Claim Three:   Petitioner was denied effective assistance of trial counsel in violation of the Sixth and Fourteenth Amendments *because* trial counsel: (1) failed to interview all available witnesses; (2) promised character witnesses to the jury but did not interview, prepare, or present them to the jury; (3) ineffectively cross-examined the State's expert witness, Dr. Delaet; (4) "failed to investigate and marshal evidence of prior inconsistent statements" of the alleged victim; (5) failed to move for additional discovery; (6) failed to investigate an interview

|  | |
|---|---|
| | conducted by Project Harmony of the alleged victim that directly called into question the alleged victim's credibility; (7) failed to adequately research, formulate, and prepare a proper cross-examination of the alleged victim; (8) failed to establish any other motives for the alleged victim's false claims; (9) failed to make offers of proof or necessary objections to preserve issues for appellate review; (10) presented a case that lacked a coherent defense strategy; (11) failed to advise Petitioner if he should testify; (12) failed to communicate with Petitioner as to the evidence, theories, and wishes of Petitioner; (13) lacked basic knowledge of court rules, procedures, and evidentiary rules; (14) failed to adequately voir dire the potential jurors; (15) failed to object to questioning that was unduly prejudicial and inadmissable; (16) disrupted the presentation of evidence; (17) failed to demonstrate Petitioner's physical inability to perform the alleged acts; (18) failed to establish proper ownership and chain of custody of the physical evidence; and (19) spent a total of only four hours developing a trial strategy and nine hours reviewing all the records and files of the case, all of which resulted "in the loss of potentially exculpatory testimony" and/or the denial of a fair trial. |
| Claim Four: | Petitioner was denied effective assistance of appellate counsel in violation of the Sixth and Fourteenth Amendments *because* appellate counsel failed to assign or properly raise issues on appeal (set |

forth above in Claims One through Three) even though the record had been made.

Claim Five: Petitioner was denied due process of law in violation of the Fourteenth Amendment *because* the re-sentencing trial judge imposed a harsher sentence on Petitioner than was imposed by the original sentencing judge.

Claim Six: Petitioner was denied a fair trial and due process of law in violation of the Sixth and Fourteenth Amendments *because* the Nebraska Court of Appeals, on Petitioner's first direct appeal, erred "by only recognizing and applying the religious and personal biases" of the trial court "to the sentencing phase and not to the fairness of the proceeding as a whole."

Claim Seven: Petitioner was denied due process of law in violation of the Fourteenth Amendment *because* the Nebraska Court of Appeals erred (1) in its opinion and rulings, which prevented meaningful appellate review; (2) by "finding it had jurisdiction over the issues submitted in the Direct Appeal of the Re-sentencing Court;" (3) by affirming "the District Post-conviction Court's determination that trial and appellate counsel did not provide ineffective assistance" of counsel; and (4) by affirming that "the Post-conviction Court's determination there was no constitutional violation where the State's expert [witness] was the treating psychologist for the alleged victim"does not conflict

        with *State v. Doan*, 1 Neb.App. 484, 498 N.W.2d 804 (1993).

Claim Eight:     Petitioner was denied due process of law in violation of the Fourteenth Amendment *because* the Nebraska Court of Appeals and Nebraska Supreme Court erred by failing to apply the plain error standard in their review of Petitioner's case, as such standard applied to the trial judge and his religious biases.

Claim Nine:     Petitioner was denied due process of law in violation of the Fourteenth Amendment *because* the Nebraska Supreme Court erred "by affirming the opinion of the Appellate Court."

Liberally construed, the court preliminarily decides that Claims One through Nine are potentially cognizable in federal court. However, the court cautions that no determination has been made regarding the merits of these claims or any defenses to them or whether there are procedural bars that will prevent Petitioner from obtaining the relief sought.[1]

Petitioner also seeks the appointment of counsel. (Filing No. 4.) "There is neither a constitutional nor statutory right to counsel in habeas proceedings; instead,

---

[1] The court has serious doubts regarding whether some of the claims raise anything more than questions of state law that have been decided by a state court or errors relating to Petitioner's state post conviction proceedings. *See Bell-Bey v. Roper*, 499 F.3d 752, 756 (8th Cir. 2007) ("Any error in [the petitioner's] state post-conviction proceeding is not a constitutional error that could justify granting an application for a writ of habeas corpus."); *Lupien v. Clarke*, 403 F.3d 615, 619 (8th Cir. 2005). However, until the record is more fully developed, the court will permit these claims to proceed.

[appointment] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g.*, *Morris v. Dormire*, 217 F.3d 556, 558-59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994) (citations omitted). *See also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted.) The court has carefully reviewed the record and finds that there is no need for the appointment of counsel at this time.

IT IS THEREFORE ORDERED that:

1.  Upon initial review of the habeas corpus petition (filing no. 1), the court preliminarily determines that Petitioner's claims, as set forth in this Memorandum and Order, are potentially cognizable in federal court.

2.  Petitioner's request for the appointment of counsel (filing no. 4) is denied without prejudice to reassertion.

3.  The Clerk of the court is directed to mail copies of this memorandum and order and the section 2254 petition to Respondents and the Nebraska Attorney General by regular first-class mail.

4.  By November 29, 2012, Respondents shall file a motion for summary judgment or state court records in support of an answer. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: November 29, 2012: deadline for Respondents to file state court records in support of answer or motion for summary judgment.

5.  If Respondents elect to file a motion for summary judgment, the following procedures shall be followed by Respondents and Petitioner:

A.  The motion for summary judgment shall be accompanied by a separate brief, submitted at the time of the filing of the motion.

B.  The motion for summary judgment shall be supported by such state court records as are necessary to support the motion. Those records shall be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

C.  Copies of the motion for summary judgment, the designation, including state court records, and the Respondents' brief shall be served upon Petitioner *except* that Respondents are only required to provide Petitioner with a copy of the specific pages of the record which are cited in Respondents' brief. In the event that the designation of state court records is deemed insufficient by Petitioner, Petitioner may file a motion with the court requesting additional documents. Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D.  No later than 30 days following the filing of the motion for summary judgment, Petitioner shall file and serve a brief in opposition to the motion for summary judgment. Petitioner shall submit no other documents unless directed to do so by the court.

E.  No later than 30 days after the filing of Petitioner's brief, Respondents shall file and serve a reply brief. In the event that Respondents elect not to file a reply brief, they should inform the court by filing a notice stating that they will not file a reply brief and that the motion is therefore fully submitted for decision.

      F.      If the motion for summary judgment is denied, Respondents shall file an answer, a designation and a brief that complies with terms of this order. (*See* the following paragraph.)  The documents shall be filed no later than 30 days after the denial of the motion for summary judgment.  **Respondents are warned that the failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including the release of Petitioner.**

6.    If Respondents elect to file an answer, the following procedures shall be followed by Respondents and Petitioner:

      A.      By November 29, 2012, Respondents shall file <u>all</u> state court records which are relevant to the cognizable claims.  *See*, *e.g.*, Rule 5(c)-(d) of the the *Rules Governing Section 2254 Cases in the United States District Courts*.  Those records shall be contained in a separate filing entitled: "Designation of State Court Records In Support of Answer."

      B.      No later than 30 days after the filing of the relevant state court records, Respondents shall file an answer.  The answer shall be accompanied by a separate brief, submitted at the time of the filing of the answer.  Both the answer and brief shall address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition.  *See*, *e.g.*, Rules 5(b) and 9 of the the *Rules Governing Section 2254 Cases in the United States District Courts*.

C. Copies of the answer, the designation, and Respondents' briefs shall be served upon Petitioner at the time they are filed with the court *except* that Respondents are only required to provide Petitioner with a copy of the specific pages of the designated record which are cited in Respondents' brief. In the event that the designation of state court records is deemed insufficient by Petitioner, Petitioner may file a motion with the court requesting additional documents. Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D. No later than 30 days following the filing of Respondents' brief, Petitioner shall file and serve a brief in response. Petitioner shall submit no other documents unless directed to do so by the court.

E. No later than 30 days after the filing of Petitioner's brief, Respondents shall file and serve a reply brief. In the event that Respondents elect not to file a reply brief, they should inform the court by filing a notice stating that they will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

F. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: December 31, 2012: check for Respondents to file answer and separate brief.

7. No discovery shall be undertaken without leave of the court. *See* Rule 6 of the [Rules Governing Section 2254 Cases in the United States District Courts](#).

DATED this 15th day of October, 2012.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.