IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JAY BRUNA, | ) | 4:12CV3170 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| DIANE SABATKA-RINE, Warden, | ) | |
| ROBERT HOUSTON, Director, and | ) | |
| NEBRASKA DEPARTMENT OF | ) | |
| CORRECTIONAL SERVICES, | ) | |
| | ) | |
| Respondents. | ) | |

    This matter is before the court on Petitioner Jay Bruna's ("Bruna" or "Petitioner") Petition for Writ of Habeas Corpus. (Filing No. 1.) As set forth below, the court will dismiss the petition with prejudice because it is barred by the relevant statute of limitations.

## I. BACKGROUND

### A. Conviction and First Direct Appeal

    On March 7, 2003, a jury in the Sarpy County District Court ("state district court") convicted Bruna of first degree sexual assault of a child. (Filing No. 14-1 at CM/ECF p. 74.) The evidence presented at trial showed that Bruna was a school bus driver, and during the 2001-2002 school year, he subjected a sixth grade boy to sexual penetration. *State v. Bruna*, 686 N.W.2d 590, 597 (Neb. Ct. App. 2004) ("*Bruna I*"). Following the trial, the state district court sentenced Bruna to not less than 15 years nor more than 50 years' imprisonment. (Filing No. 10-19 at CM/ECF p. 20.)

    Bruna appealed the state district court's judgment and sentence. (Filing No. 14-1 at CM/ECF p. 1.) On appeal, Bruna argued that the trial court committed numerous

prejudicial errors and that his trial counsel was ineffective. (Filing No. 10-8 at CM/ECF pp. 1-52.) The Nebraska Court of Appeals rejected the arguments relating to the trial proceedings, but vacated the sentence and remanded the case with directions that Bruna be resentenced by a different judge. *Bruna I*, 686 N.W.2d at 619 (holding a reasonable person could have concluded that the trial judge based the sentence upon personal bias or prejudice where he injected his personal religious views). Bruna petitioned the Nebraska Supreme Court for further review of those issues rejected by the Nebraska Court of Appeals. (Filing No. 10-10 at CM/ECF pp. 1-11.) The Nebraska Supreme Court overruled the petition for further review on January 20, 2005. (Filing No. 10-1 at CM/ECF p. 2.)

**B.     Resentencing and Second Direct Appeal**

Upon remand, a new sentencing hearing was held in the Douglas County District Court. A district court judge of Douglas County sentenced Bruna to 20 to 50 years' imprisonment.[1] (Filing No. 10-19 at CM/ECF p. 51.) Bruna appealed the resentencing because it exceeded the original sentence. (Filing No. 10-11 at CM/ECF pp. 8-13.)

The Nebraska Court of Appeals affirmed Bruna's sentence. *State v. Bruna*, 710 N.W.2d 329, 337 (Neb. Ct. App. 2006). Thereafter, the Nebraska Supreme Court sustained Bruna's petition for further review but, following oral argument, affirmed the decision of the Nebraska Court of Appeals. *State v. Bruna*, 721 N.W.2d 362 (Neb. 2006).

---

[1]In *State v. Bruna*, 710 N.W.2d 329, 334 (Neb. Ct. App. 2006), the Nebraska Court of Appeals held that Bruna impliedly consented to sentencing in Douglas County, and that the Douglas County District Court had jurisdiction to sentence Bruna. The Nebraska Supreme Court affirmed the decision of the Nebraska Court of Appeals on September 22, 2006. *State v. Bruna*, 721 N.W.2d 362 (Neb. 2006).

C.   **Post-Conviction Motion and Appeal**

Bruna filed a motion for post-conviction relief in the state district court on January 18, 2008. (Filing No. 10-21 at CM/ECF pp. 24-36.) Through counsel, he filed an amended motion for post-conviction relief on August 6, 2008. (*Id.* at CM/ECF pp. 38-45.) On November 3, 2009, the state district court entered an order granting an evidentiary hearing on some of the issues raised in the post-conviction motions. (*Id.* at CM/ECF pp. 61-65.) Following an evidentiary hearing, the state district court denied post-conviction relief on May 10, 2010. (*Id.* at CM/ECF pp. 66-90.)

Petitioner appealed the state district court's denial of post-conviction relief. (*Id.* at CM/ECF p. 1.) The Nebraska Court of Appeals affirmed the state district court in a written opinion. *See State v. Bruna*, A-10-581, 2011 WL 1896764 (Neb. Ct. App. May 17, 2011). Bruna filed a petition for further review with the Nebraska Supreme Court, which was denied on July 13, 2011. (Filing No. 10-3 at CM/ECF p. 2.) The Nebraska Supreme Court issued its mandate on July 26, 2011. (*Id.*)

D.   **Habeas Petition**

Bruna filed his habeas corpus petition in this court on August 10, 2012. (Filing No. 1.) In response to the petition, Respondents filed an answer, a brief in support of the answer, and the relevant state court records. (Filing Nos. 10, 11, 14, 15, and 16.) Thereafter, Bruna filed a brief in support of his petition. (Filing No. 31.) The court deems this matter fully submitted.

## II. ANALYSIS

Respondents argue in their answer and brief that Bruna's habeas corpus petition is barred by the relevant statute of limitations. The court agrees.

A.   **Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, establishes a 1-year limitations period for state prisoners to file for federal habeas relief that runs from the latest of four specified dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

This statute of limitations period is tolled while a state post-conviction or other collateral review is pending. *King v. Hobbs*, 666 F.3d 1132, 1135 (8th Cir. 2012) (citing § 2244(d)(2)). A post-conviction application is considered "pending" until the state court "issue[s] its mandate or denie[s] review," even if a petitioner files a petition for certiorari in the Supreme Court. *Lawrence v. Florida*, 549 U.S. 327, 329 (2007) ("The application for state postconviction review is . . . not 'pending' after the state court's postconviction review is complete, and § 2244(d)(2) does not toll the 1-year limitations period during the pendency of a petition for certiorari.").

4

This case concerns only § 2244(d)(1)(A), as Bruna does not argue that his habeas corpus petition is timely filed under § 2244(d)(1)(B), (C), or (D). Under § 2244(d)(1)(A), Bruna was required to file his Petition within one year of "the date on which [his] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). The Supreme Court recently addressed the point at which a judgment becomes "final" for purposes of § 2244(d)(1)(A). In *Gonzalez v. Thaler*, the Supreme Court held that, for petitioners who pursue direct review all the way to the United States Supreme Court, a judgment becomes final "when the [Supreme Court] affirms a conviction on the merits or denies a petition for certiorari." --- U.S. ---- 132 S. Ct. 641, 653 181 L.Ed.2d 619 (2012). For all other petitioners, the judgment becomes final "when the time for pursuing direct review in [the Supreme Court], or in state court, expires." *Id.* at 653-54. If the Supreme Court has jurisdiction to review the direct appeal, "the judgment becomes final ninety days after the conclusion of the prisoner's direct criminal appeals in the state system." *King*, 666 F.3d at 1135 (citing Sup.Ct. R. 13.1).

Here, Bruna's conviction became final on December 21, 2006, which is 90 days after the Nebraska Supreme Court entered judgment against him after his second direct appeal. (*See* Filing No. 10-2 at CM/ECF p. 2.) Bruna filed a motion for post-conviction relief 393 days later on January 18, 2008. (Filing No. 10-21 at CM/ECF p. 24.) Thus, the 1-year limitations period expired before Bruna filed his post-conviction motion. Moreover, an additional 381 days passed between the date the Nebraska Supreme Court issued its mandate affirming the denial of post-conviction relief (*see* Filing No. 10-3 at CM/ECF p. 2), and the date on which Bruna filed his habeas corpus petition in this court (*see* Filing No. 1). Together, a total of 774 days count toward the 1-year limitations period. In light of this, the court finds that Bruna's Petition is untimely under § 2244(d)(1)(A).

### B. Equitable Tolling

Bruna does not argue in his habeas corpus petition (Filing No. 1) or in his brief in support of his petition (Filing No. 31) that he is entitled to equitable tolling of the limitations period. Generally, a litigant seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006). Equitable tolling is proper "only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Runyan v. Burt*, 521 F.3d 942, 945 (8th Cir. 2008) (internal quotation marks omitted). As such, "equitable tolling is an exceedingly narrow window of relief." *Id.* (internal quotation marks omitted). Here, Bruna has not argued, much less established, that he pursued his rights diligently or that extraordinary circumstance prevented him from filing his habeas corpus petition sooner.

### C. Actual Innocence

In *McQuiggin v. Perkins*, --- U.S. ----, 133 S.Ct. 1924 (2013), the Supreme Court held that a habeas corpus petitioner can overcome the expiration of AEDPA's statute of limitations by making a convincing showing of actual innocence. *See McQuiggin*, 133 S.Ct. 1928. The Court held that a petitioner attempting to show actual innocence is required to produce new evidence sufficient to persuade the district court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." 133 S.Ct. at 1982 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

Here, Bruna argues that he is actually innocent, but admits that he has no new evidence to support his claim of actual innocence. (*See* Bruna's brief at Filing No. 29 at CM/ECF p. 60 ("It's my understanding that I can't make a claim of actual innocence without some new evidence. I'm unable to go out and obtain that evidence from inside this prison. That however doesn't mean it's not out there, only out of my

reach.").) After careful review of the record in this case, Bruna has not persuaded this court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt" of first degree sexual assault. *See McQuiggin*, 133 S.Ct. at 1982. Accordingly, for the reasons set forth above, Bruna's petition for writ of habeas corpus is barred by AEDPA's statute of limitations, and Bruna has failed to overcome the procedural bar.

### III. CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate of appealability cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. Daniel*, 529 U.S. 473, 484 (2000).

In this case, Bruna has failed to make a substantial showing of the denial of a constitutional right. The court is not persuaded that the issues raised in the petition are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings. Accordingly, the court will not issue a certificate of appealability in this case.

IT IS THEREFORE ORDERED that:

1. This matter is dismissed with prejudice, and a separate judgment will be entered in accordance with this Memorandum and Order.

2. The court will not issue a certificate of appealability in this matter.

3.	In light of this court's finding that the petition for writ of habeas corpus is barred by the relevant statute of limitations, Bruna's requests for additional state court records and "expansion of the record" (Filing Nos. 27 and 28) are denied.

DATED this 2nd day of December, 2013.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.